WATSON A. WALDEN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Walden v. Commissioner
Docket Nos. 28529-90, 28530-90
United States Tax Court
T.C. Memo 1993-56; 1993 Tax Ct. Memo LEXIS 56; 65 T.C.M. (CCH) 1914; February 18, 1993, Filed *56 For petitioner: Michael Louis Minns and Helena C. Papadopoulos
For respondent: James F. Kearney. WRIGHT
WRIGHT
MEMORANDUM OPINION WRIGHT, Judge: On September 21, 1992, the Court, during its trial session in Houston, Texas, heard the parties on their motions filed on the same date. Respondent has moved that we issue an order of dismissal against petitioner Watson A. Walden for lack of prosecution pursuant to Rule 123(b) [1] *57 and enter a decision against him for the deficiencies in and additions to tax determined by respondent, including the addition to tax for fraud. In addition, respondent has moved this Court for the imposition of a penalty against petitioner pursuant to section 6673(a)(1). [2] Petitioner has filed a motion for continuance in these cases. Respondent's motion to dismiss pursuant to Rule 123(b) and his motion for penalty pursuant to section 6673(a)(1) will be granted. In addition, petitioner is held in default pursuant to Rule 123(a). Petitioner's motion to continue is therefore denied. Given the serious consequences of this action, we consider it appropriate to explain the events in these cases. In the notices of deficiency dated October 1, 1990, respondent determined the following deficiencies in and additions to petitioner's Federal income tax for taxable years 1986, 1987, and 1988: Docket No. 28529-90
Additions to Tax
Sec.
Sec.
Sec.
Year
Deficiency
6651(a)(1)
6653(b)(1)
6654
1988
$ 169,726
$ 17,820
$ 73,836
$ 10,855
Docket No. 28530-90
Additions to Tax
Sec.
Sec.
Sec.
Year
Deficiency
6653(b)(1)(A)
6653(b)(1)(B)
6661
1986
$ 46,074
$ 34,556
50% of the
$ 11,519
interest due
on $ 46,074
1987
84,303
63,227
50% of the
21,076
interest due
on $ 84,303
Background
The issues raised in the deficiency notices for tax years 1986, 1987, and 1988, include increases in capital gain income, petitioner's liability for self-employment taxes, unreported interest income, *58 and unreported Social Security benefits. The additional issues raised for 1986 include a disallowed partnership loss, a disallowed interest expense deduction, and a disallowed charitable contribution deduction. The additional issues raised for 1987 include the disallowance of petitioner's claimed farm expenses and unreported dividend income. In taxable year 1988, respondent disallowed a farm loss and claimed petitioner had unreported gross receipts from his business. Respondent also asserts for the years at issue the additions to tax for civil fraud, negligence, understatement of tax, delinquency, and failure to pay estimated tax. On December 24, 1990, petitions were filed in these cases and petitioner requested Tampa, Florida, as the place for trial. Petitioner resided in Fort Myers, Florida, at the time he filed petitions in these cases. Respondent subsequently filed his answer; petitioner did not reply. Respondent filed Rule 37(c) motions, and as a result, petitioner filed replies in these cases. On May 23, 1991, petitioner moved to change the designated place for trial to Salt Lake City, Utah. In July 1991, a hearing on the motion was held before Chief Judge Nims in *59 Washington, D.C. Petitioner filed a Rule 50(c) [3] statement in lieu of his appearance at this hearing. In this statement, petitioner offered two reasons in support of moving the location of the trial to Salt Lake City, Utah. First, petitioner stated that his records were in the possession of his accountant who was closer to Salt Lake City than to Tampa. Petitioner's second reason for moving the place of trial was that he had initiated a formal complaint against an Internal Revenue agent who had contacted petitioner's wife and which contact allegedly may have contributed to her death 2 days later. This Court denied petitioner's motion stating: "a great deal of the material contained in the statement *60 that petitioner has filed is immaterial and rather inflammatory and leads me to the suspicion that this motion may be merely an effort to delay this proceeding from going forward." By notice sent September 26, 1991, the new trial date was set for February 24, 1992, in Tampa, Florida. Respondent made numerous attempts by phone and letter to initiate trial preparation with petitioner the result of which was many appointments canceled by petitioner. Respondent sought responses to interrogatories, pleadings, and requests for documents. Respondent continually received the same scanty information from petitioner. None of the information furnished by petitioner took these cases any nearer to trial. Respondent received very little information from petitioner which was responsive to his requests. Petitioner allegedly sent many copies of the same broker's statement to respondent as well as many copies of the same on-file 1988 return. Respondent, therefore, made arrangements for two Internal Revenue agents in the State of Washington to meet petitioner's accountant and review petitioner's books and records relating to Walden Orchards, a business alleged to have been conducted by petitioner *61 in that State. The agents were presented with records for years subsequent to the taxable years at issues in these cases. The agents stated that they saw no records for the years at issue. On February 3, 1992, respondent informally moved for a telephone conference call. The Court twice contacted petitioner's office to schedule the conference call, and messages were left for petitioner to contact the Court. Petitioner did not return any of these calls. On February 6, 1992, the Court ordered that the Standing Pre-Trial Order for these cases was to be amended in that the time for the exchange of documents was extended until February 13, 1992. It was further ordered that respondent's informal motion for a telephone conference call was granted, and it was to be determined during this conference call what efforts had been made in the 5 months these cases were scheduled for trial to effectuate trial preparation as required under the provisions of the Standing Pre-Trial Order. The parties were advised that any failure to comply with the Standing Pre-Trial Order might adversely affect the timing or conduct of the trial, might result in the Court imposing sanctions, including dismissal, *62 to prevent prejudice to the other party or imposition on the Court. The parties were instructed to see Rule 123. A conference call was held on February 10, 1992, and upon due consideration of this conference call, it was ordered, at petitioner's request, that these cases be stricken from trial at the February 24, 1992, Tampa, Florida, trial session. On April 28, 1992, at petitioner's request, it was ordered that these cases be scheduled for trial at a special trial session of the Court commencing on August 31, 1992, in Washington, D.C. This action was taken for the specific purpose of disposing of these cases. On May 18, 1992, respondent sent to petitioner a stipulation which respondent had prepared for trial; there was no response. Subsequently, in June 1992, respondent filed a request for admissions wherein respondent requested petitioner admit that the gross receipts or sales of Walden Clinic, a business alleged to have been conducted by petitioner, were $ 262,136 for taxable year 1988. Petitioner did not respond to this request. Accordingly, pursuant to Rule 90(c) this fact is deemed admitted due to petitioner's failure to respond. On July 15, 1992, petitioner moved for *63 a continuance from the August 31, 1992, Washington, D.C., trial session to the September 21, 1992, Houston, Texas, session of this Court on the grounds that he was unable to secure competent legal counsel in Washington, D.C. Petitioner stated that he had obtained legal counsel in Houston. This motion was granted. On September 21, 1992, during the Houston trial session, petitioner's counsel, who had entered their appearances that same day, filed yet another motion to continue the case on the grounds that petitioner had suffered a stroke on September 14, 1992. We have denied that motion. Petitioner's counsel were hired 7 days prior to this Houston session and had not been provided with any documentation in these cases. Respondent filed a motion to dismiss for lack of prosecution and a motion for the imposition of penalty pursuant to section 6673(a)(1). Dismissal For Lack of Prosecution Pursuant to Rule 123(b)
Rule 123(b) provides for dismissal when a taxpayer fails properly to prosecute his case or fails to comply with the Court's Rules or any order of the Court or for other cause which the Court deems sufficient. Dismissal of a case is a sanction resting in the discretion *64 of the trial court. . [4] In , affd. , the Court exercised its discretion and dismissed a case under Rule 123(b) for lack of prosecution. The affirmance of that case by the Court of Appeals for the Fifth Circuit constitutes precedent in the Eleventh Circuit, the circuit to which an appeal in the instant case would lie. It was further held in the Freedson case that Rule 123(b) requires the Court to balance potentially rival considerations: The policy of having cases heard on their merits, and the policy of avoiding harassment to the defending party arising from unjustifiable delay. . *65 The balance of these two considerations inclines strongly against petitioner. Although petitioner will suffer the detriment of not being heard on the merits of his cases, we conclude that petitioner's history of bad faith and tactics of delay result in greater harm to respondent. The fact that petitioner suffered a stroke on September 14, 1992, in no way affects the outcome of these cases as petitioner's inexcusable conduct before this Court predates his stroke. Furthermore, imposition on the Court is also a matter to be considered. Each time that a case scheduled for trial does not proceed, time is wasted that could have been spent on other cases if they could have been scheduled. , affd. without published opinion . Therefore, pursuant to Rule 123(b), we grant respondent's motion to dismiss for lack of prosecution and will enter a decision against petitioner as to the deficiencies in and the additions to tax under sections 6654 and 6661. Default Pursuant to Rule 123(a) and the Civil Fraud Addition to Tax Pursuant to Section 6653(b)
*66 Respondent, however, bears the burden of proving fraud under section 6653(b) by clear and convincing evidence. Sec. 7454(a); Rule 142(b); . Respondent must show that the taxpayer intended to evade taxes known to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of those taxes, that there is an underpayment of tax, and that some portion of the underpayment for each taxable year was due to the taxpayer's fraudulent intent. ; , affg. ; . The existence of fraud is a question of fact to be resolved upon review of the entire record. ; , affd. without published opinion . *67 While fraud will never be presumed, , it may be proved by circumstantial evidence, e.g., , affd. . To carry this burden of proving fraud, respondent relies on the affirmative allegations of fact set forth in his answer. This is an appropriate procedure under the Rules of this Court, and we may enter decision against a defaulting taxpayer under Rule 123(a) for an addition to tax for fraud if respondent has set forth specific affirmative allegations of fact which are sufficient to establish fraud. , affd. . Rule 123(a) provides that "If any party has failed to plead or otherwise proceed as provided by these Rules or as required by the Court, then such party may be held in default by the Court either on motion of another party or on the initiative of the Court." It is clear from the record that petitioner has "failed to * * * proceed" *68 within the meaning of Rule 123(a). Petitioner's default consists of ignoring this Court's Standing Pre-Trial Order in these cases, failing to respond to pleadings, interrogatories, requests for documents, and the stipulation of facts prepared and submitted to him by respondent, the filing of motions to continue and a motion to change the place of trial for purposes of delay, the complete lack of trial preparation,and the failure to obtain the services of counsel until 7 days before his cases came to trial at the third calendared session. Furthermore, petitioner did not make available to his counsel any documentation in these cases including the pleadings. Accordingly, we find petitioner is in default. With regard to the fraud issue, we believe that respondent's well-pleaded facts, taken to be true by reason of petitioner's default, are sufficient to satisfy respondent's burden of proving fraud in these cases. Petitioner failed to file or cause to be filed partnership returns for a partnership from which he has claimed losses resulting in the understatement of tax. In addition, petitioner claimed unsubstantiated losses from a business for which no returns were filed. Petitioner's *69 pattern of failing to file income tax returns is circumstantial evidence of fraud. , affg. ; . Furthermore, petitioner, through the use of a series of trusts, allegedly attempted to conceal real estate transactions. Lastly, petitioner's refusal to cooperate with respondent's efforts to determine his correct tax liability, in the context of this record, is a further indication of fraud. , affd. without published opinion . Our review of the record as a whole, including the well-pleaded facts contained in respondent's answer, reveals clear and convincing evidence that the the deficiency for each of the years at issue is due, at least in part, to fraud. Accordingly, we will enter a decision of default against petitioner under Rule 123(a) with respect to the additions to tax for fraud set forth in respondent's statutory notice. Section *70 6673(a)(1) [5] Penalty Pursuant to section 6673(a)(1) we may impose a penalty not to exceed $ 25,000 where a taxpayer has instituted or maintained proceedings primarily for delay or where the taxpayer takes positions that are frivolous or groundless. Due to petitioner's tactics of delay, these cases were no closer to resolution yesterday, whether by disposition on the merits or by settlement, than they were in October 1990, when deficiency notices were issued. Petitioner was warned in an order of this Court dated February 6, 1992, that any failure to comply with the Standing Pre-Trial Order might result in the Court's imposing sanctions, and petitioner was then instructed to see Rule 123. We believe that petitioner's pattern of conduct in these cases including his failure *71 to cooperate during the discovery process, his failure to obey Rules and orders of the Court, and his failure to obtain counsel or otherwise prepare these cases for trial warrants the imposition of a penalty under section 6673(a)(1). Accordingly, in the exercise of our discretion, we require petitioner to pay to the United States a penalty in the amount of $ 2,500. To reflect the foregoing, Appropriate orders and decisions will be entered.
Footnotes
1. All section references are to the Internal Revenue Code in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Respondent also filed a motion to dismiss for lack of jurisdiction as to Claire Walden, deceased, and a motion to consolidate these cases for trial, briefing, and opinion. These motions were both granted during the hearing.↩
3. Rule 50(c) provides that "If a motion is noticed for hearing, then a party to the motion may, prior to or at the time for such hearing, submit a written statement of such party's position together with any supporting documents. Such statement may be submitted in lieu of or in addition to attendance at the hearing."↩
4. The Court of Appeals for the Eleventh Circuit has announced that it will follow the precedent of the Court of Appeals for the Fifth Circuit as it existed on Sept. 30, 1981. .↩
5. Sec. 6673(a)(1) was amended by sec. 7731(a) of the Omnibus Budget Reconciliation Act of 1989, Pub. L. 101-239, 103 Stat. 2106, 2400, and applies to positions taken after Dec. 31, 1989, in proceedings pending on or commenced after such date.↩